UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:18CR00151 ERW |
| KEVIN L. JOHNSON, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge John Bodenhausen [38], pursuant to 28 U.S.C. § 636(b)(1), recommending the denial of Defendant Kevin Johnson's Motions to Suppress Evidence [18]. Defendant filed timely objections to the Report and Recommendation [40]. Plaintiff timely filed a response to Defendant's Objection to the Report and Recommendation [47].

The Court conducts a *de novo* review of those portions of a report or specified proposed findings to which a timely objection is made. 28 U.S.C. §636(b); *see also U.S. v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003). General objections are not sufficient to challenge a magistrate judge's findings and are subject to clear error review. *See Thompson v. Nix*, 897 F.2d 356, 357-58 (8th Cir. 1990). Although the Eight Circuit has indicated approval of such an exception, it has repeatedly emphasized the necessity of de novo review. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).

The Court reviewed the motions, and the testimony, evidence, and arguments from the evidentiary hearing. Based on this *de novo* review, the Court concludes the Magistrate Judge made proper findings and correctly analyzed the issues. The facts of this case, relevant to the

motions to suppress, are as follows.

After 6:00 p.m. on January 11, 2018, Engine House 27 in the City of St. Louis received a call stating a person was on the ground and in need of assistance on the 5700 block of Goodfellow Avenue in St. Louis, Missouri. Firefighter Reuben Terry, along with three other firefighters, responded to the call in a fire truck. An ambulance was simultaneously dispatched and arrived approximately seven to ten minutes after the fire truck arrived. Upon arrival, Firefighter Terry saw a man lying face down on the ground in the middle of the front yard of a residence. As the firefighters approached the man, later identified as Defendant Kevin Johnson, the man began rocking back and forth. Firefighter Terry observed a partially exposed chrome-colored gun located near Mr. Johnson's midsection. Firefighter Terry retrieved the gun for safety reasons and placed it in his pocket until the police arrived.

Two City of St. Louis Police Officers, Anthony Coll and Kayla Devin, were patrolling in St. Louis, Missouri when they also received a radio call stating a person was down on the ground outside of the home located on the 5700 block of Goodfellow Avenue. When the officers arrived approximately ten minutes after the firefighters arrived, the ambulance was already on the scene and Mr. Johnson was strapped to a stretcher and being loaded into an ambulance. Firefighter Terry gave the gun to Officer Devine who gave it to Officer Coll. Officer Coll conducted a serial number check on the gun to determine whether the gun had been stolen or had used in another crime. The serial number check determined it was neither stolen nor used in another crime.

Officers Coll and Devine followed Mr. Johnson's ambulance to Barnes Jewish Hospital where Officer Coll eventually spoke with Mr. Johnson. Mr. Johnson provided his name and date of birth to Officer Coll. Officer Coll returned to his patrol car where he ran a computer inquiry using the information provided by Mr. Johnson. The computer inquiry notified Officer Coll of

Mr. Johnson's federal felony conviction and his federal supervised release. Using the inquiry information and the seized gun, Officer Coll believed he had probable cause to arrest Mr. Johnson for the unlawful possession of a firearm. Officer Coll then returned to the hospital where he spoke to Mr. Johnson and told him he was being placed under arrest for the charge of unlawful possession of a firearm. At the same time, Officer Coll read Mr. Johnson his *Miranda* rights using a card he kept in his pocket. Mr. Johnson then indicated he understood his rights and did not to make any additional statements to Officer Coll.

Officer Coll arrested Mr. Johnson on January 11, 2018, but did not take him into physical custody until later because a doctor indicated Mr. Johnson would be admitted to the hospital as a result of his exposure to the cold. After speaking to his supervisor, Officer Coll then went back to patrol and applied for a warrant for a later date for Mr. Johnson's arrest through the Circuit Attorney's Office in the City of Saint Louis.

On January 24, 2018, Officer Coll submitted an affidavit in support of a complaint in the Circuit Court of the City of St. Louis, Missouri for a warrant to arrest Mr. Johnson for one count of unlawful possession of a firearm, a Class D felony, in violation of RSMo. §571.070. The Circuit Court of the City of St. Louis, Missouri then issued a warrant for Mr. Johnson's arrest. On February 22, 2018, a Grand Jury in the United States District Court for the Eastern District of Missouri returned a one-count indictment charging Mr. Johnson with being a felon in possession of a firearm, in violation of 18 U.S.C. §922.

In his objections to the Report and Recommendation, Defendant asserts the Magistrate Judge improperly concluded there was probable cause for Mr. Johnson's warrantless arrest and any statements by Mr. Johnson should be suppressed because of a failure to properly advise him of his *Miranda* rights. Defendant also argues all evidence of Mr. Johnson's criminal history or

the weapon found on January 11, 2018 must be excluded, because there was no probable cause for the arrest.

The seizure of the gun was lawful under the "community caretaker" doctrine which permits warrantless search and seizure of dangerous items, including firearms, when the officer is acting as a community caretaker and responding to a potential emergency situation. *U.S. v. Harris*, 747 F.3d 1013, 1017 (8th Cir. 2014). In the present case, Firefighter Terry was acting as a first-responder to a reported medical emergency. When Firefighter Terry arrived on the scene, Mr. Johnson was lying face-down on the grass when he noticed a chrome-colored gun near Mr. Johnson's waistband. Firefighter Terry then seized the firearm for for safety purposes. When evaluating the "government's interest in the [firefighter's] actions against [Defendants] right to be free from government intrusion," any number of dangerous outcomes could have occurred if the gun had not been seized. *Id.* Accordingly, Firefighter Terry's interest in seizing the gun for community caretaking purposes clearly outweighs any protection of Mr. Johnson's rights against government intrusion. *Id.* The seizure of the gun was lawful and there is no legal or factual basis upon which to suppress evidence of the gun.

*Miranda* warnings are required only when the suspect is both in custody and subjected to interrogation. *Miranda v. Arizona*, 384 U.S. 436 (1966). The facts clearly indicate Mr. Johnson was transported to the hospital for exclusively medical reasons and was not placed under arrest or in custody before Officer Coll asked routing booking questions including Mr. Johnson's name and birthday. Accordingly, Mr. Johnson was not in custody when he provided his name and birthday to Officer Coll and therefore *Miranda* warnings were not required when Officer Coll requested the information. Once Officer Coll placed Mr. Johnson under arrest for the unlawful possession of a firearm, Officer Coll read Mr. Johnson his *Miranda* rights using a card he kept in

his pocket. Mr. Johnson then indicated he understood his rights and did not to make any additional statements to Officer Coll. As indicated above, neither the existence of the gun nor Mr. Johnson's statements to Officer Coll are subject to suppression.

As for Defendant's argument the police did not have probable cause to arrest him on January 11, 2018, the facts in this case support the conclusion Officer Coll did have sufficient facts to support a finding of probable cause to arrest Mr. Johnson on January 11, 2018. "The usual rule is that a police officer may arrest without warrant one believed by the officer upon reasonable cause to have been guilty of a felony." *U.S. v. Watson*, 423 U.S. 411, 417 (1976). "Probable cause to make a warrantless arrest exists when, considering all the circumstances, police have trustworthy information that would lead a prudent person to believe that the suspect has committed or is committing a crime." *U.S. v. Webster*, 625 F.3d 439, 442 (8th Cir. 2010) *citing U.S. v. Parish*, 606 F.3d 480, 486 (8th Cir. 2010). Officer Coll did not arrest Mr. Johnson until after he had been informed about the existence of the gun underneath Mr. Johnson's person and a database search informed Officer Coll of Mr. Johnson's prior felony conviction. These facts support the conclusion Officer Coll acted prudently, reasonable, and fairly before he concluded Mr. Johnson had committed a felony offense and arrested him.

Any evidence regarding the firearm and Mr. Johnson's statements to the police need not be suppressed because the actions of the police officers were lawful and within the limits of the Constitution.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge [38] is **SUSTAINED, ADOPTED, AND INCORPORATED** herein.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress [18] is **DENIED**.

So Ordered this 8th Day of November, 2018.

*E. Richard Webber*

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE